# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Southern Africa Enterprise Development Fund, | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | C.A. No. 21-cv-1463-GBW |
| Ironshore Specialty Insurance Company, | ) ) ) | |
| Defendant. | ) | |

## PLAINTIFF'S MOTION FOR LEAVE TO SEEK EARLY SUMMARY JUDGMENT ON DISCRETE LEGAL QUESTIONS OF <u>POLICY INTERPRETATION</u>

Jody C. Barillare (#5107)
MORGAN, LEWIS & BOCKIUS LLP
1201 N. Market Street, Suite 2201
Wilmington, DE 19801
(302) 574-3000
jody.barillare@morganlewis.com

Ariane Baczynski (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1 Federal Street
Boston, MA 02110
(617) 341-7700
ariane.baczynski@morganlewis.com

*Attorneys for Plaintiff Southern Africa Enterprise Development Fund*

August 22, 2023

Plaintiff Southern Africa Enterprise Development Fund ("SAEDF" or "Plaintiff"), by and through the undersigned counsel, and pursuant to Section 9(a) of the Scheduling Order, respectfully seeks leave to move for early summary judgment on discrete legal questions of policy interpretation. In support thereof, SAEDF states as follows:

## INTRODUCTION

1.  Summary judgment establishing the proper construction of the insurance policy as a matter of law is warranted here for multiple reasons. First, the interpretation of the insurance policy is solely a legal issue[1] that requires no discovery. Second, these legal questions have already been presented to and analyzed by this Court in connection with Defendant's motion to dismiss and thus can be presented and resolved quickly. Third, summary judgment will clarify for the parties and establish the Court's policy interpretation as a matter of law, which will narrow this action, conserve costs, particularly given the amount in controversy, and could promote resolution.

---

[1] *See Intel Corp. v. Future Link Sys., LLC*, No. 14-377, 2015 WL 4652782, at *2 (D. Del. Aug. 5, 2015) (permitting early summary judgment on "questions of law (contract interpretation)"); D.I. 21 at p. 5 (*citing RSUI Indem. Co. v. Murdock*, 248 A.3d 887, 901-02 (Del. 2021)) (finding "interpretation of an insurance policy is a question of law").

1

## PROCEDURAL POSTURE

2. Plaintiff filed its Complaint on October 18, 2021. D.I. 1. Defendant moved to dismiss, which this Court denied on February 10, 2023. D.I. 21. The Court entered a scheduling order on June 12, 2023 by which the parties must substantially complete document production by September 29, 2023, complete fact discovery by December 1, 2023, complete depositions and expert discovery by March 15, 2024, and file case dispositive motions on or before April 5, 2024. A five-day jury trial is currently scheduled for September 23, 2024. D.I. 28.

3. The Scheduling Order provides that "no case dispositive motion under Rule 56 may be filed more than ten (10) days before [April 5, 2024] without leave of the Court." D.I. 28 at ¶ 9(a).

## DISPUTE AT ISSUE

4. In this suit, Plaintiff seeks, among other relief, a declaration of its rights and Ironshore's obligations under the Policy. D.I. 1 at ¶¶ 5, 54.

5. As relevant here, SAEDF seeks a declaration that the amount that SAEDF is legally obligated to pay the U.S. Agency for International Development ("USAID") as a result of USAID's final administrative order that SAEDF breached its fiduciary duties (a) is within the Policy's definition of "Loss"

> compensatory damages… punitive or exemplary damages, the multiple portion of any multiplied damage award, judgments, settlements, pre- and post-judgment interest, and Costs of Defense (*Id.*, Ex. A at 6),

2

and (b) is not within the exclusion for claims "alleging arising out of, based upon or attributable to any actual or alleged contractual liability of the Not-For-Profit Entity, or any Insured Person under any express contract or agreement." *Id.* at 11.

6. Defendant's motion to dismiss and Answer assert, in part, that Defendant has no coverage obligations because (1) the amounts SAEDF is legally obligated to pay are not "Loss" because they are not "compensatory damages" or a "judgment," and (2) the contractual liability exclusion applies. *See* D.I. 17 at 11-20; D.I. 22 at Sixth Defense and Eighth Defense.

7. These questions of Policy interpretation are ripe for decision now, and their resolution will have a significant impact on the remainder of the case, including the extent and scope of discovery.

## **SUMMARY JUDGMENT ON THE INTERPRETATION OF THE POLICY IS RIPE AND PROMOTES EFFICIENCY**

8. To determine whether to grant leave for early summary judgment, courts consider: (1) whether resolution of the issue promotes judicial efficiency by disposing of some or all of the case "without impacting remaining issues requiring additional fact or expert discovery"; (2) whether the motion could proceed without additional discovery; and (3) any other factors serving efficiency and fairness. *See AgroFresh Inc. v. Mirtech, Inc.*, No. 16-662, at 6 (D. Del. Nov. 16, 2018) (granting motion for leave to file early summary judgment), attached as Exhibit 1 (available at https://www.ded.uscourts.gov).

9. Leave to file summary judgment is warranted here for the following reasons.

10. First, as this Court stated in its order denying Defendant's motion to dismiss this case, interpretation of an insurance policy is a question of law: "Under Delaware law, the interpretation of an insurance policy is a question of law… If the contract language is clear and unambiguous, the parties' intent is ascertained by giving the language its ordinary and usual meaning… Where the language is ambiguous, the contract is to be construed most strongly against the insurance company that drafted it." *See* D.I. 21 at 5 (*citing RSUI Indem. Co. v. Murdock*, 248 A.3d 887, 901-02 (Del. 2021).

11. Based on the foregoing, this Court decided that "The Policy states that Ironshore must pay all 'Loss' that SAEDF is 'legally obligated to pay as a result of a Claim for a Wrongful Act'… The Court agrees with SAEDF that a plausible reading of 'Loss' could include the USAID claim. If Ironshore must pay 'Loss' as a result of a Claim, which includes governmental, regulatory or administrative proceeding, then the corresponding definition of 'compensatory damages' must also include the amounts awarded by such governmental agency." D.I. 21 at 6.

12. With respect to the term "judgment", this Court also decided: "For similar reasons, Ironshore's argument that USAID's final administrative order is not a 'judgment' improperly narrows the definition of 'Loss'." *Id.* at 6-7.

13. With respect to Defendant's "contractual liability" exclusion defense, this Court decided that "[w]hile SAEDF and USAID entered into a grant agreement that controls certain aspects of their relationship, the 'Claim' at issue here did not arise out of any 'contractual liability' between SAEDF and USAID. In its decision, USAID stated that SAEDF had breached its fiduciary duties and duty of care by not providing discernable oversight over its managers… Thus, USAID did not find that SAEDF breached the grant agreement between USAID and SAEDF." *Id.* at 7-8.

14. In short, these discrete legal questions of Policy interpretation do not require discovery and are ripe for adjudication by this Court as a matter of law. *See* D.I. 21 at p. 5 (*citing RSUI*, 248 A.3d at 901-02); *New Castle County, Del. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA.*, 174 F.3d 338, 342 (3d Cir. 1999) (finding policy interpretation and whether ambiguity exists is a question of law and policy ambiguity must be construed against insurer as a matter of law).

15. Second, because this Court has already considered these legal questions in its order on Defendant's motion to dismiss (D.I. 21) both briefing and resolution can be expedited.

16. Third, this Court's formal adjudication of Policy interpretation as a matter of law promotes efficiency because it will resolve significant legal disputes in the case, narrow the scope of this action and discovery thereby conserving time and resources of all parties, including the Court.

17. For the foregoing reasons, SAEDF urges this Court to allow SAEDF to bring a motion for summary judgment on questions of Policy interpretation.

## LOCAL RULE 7.1.1 STATEMENT

18. Pursuant to D. Del. LR 7.1.1, counsel for Plaintiff in this matter hereby avers that the parties have met and conferred and made a reasonable effort to resolve the issues that are the subject of this Motion. Counsel for the parties, including Delaware counsel, had verbal discussions regarding the Motion and the parties could not reach an agreement. Defendant opposes this motion.

August 22, 2023                    MORGAN LEWIS & BOCKIUS LLP

*/s/ Jody C. Barillare*
Jody C. Barillare (#5107)
1201 N. Market St., Ste. 2201
Wilmington, DE 19801
(302) 573-3000
jody.barillare@morganlewis.com

Ariane Baczynski (*pro hac vice*)
MORGAN LEWIS & BOCKIUS LLP
1 Federal Street
Boston, MA
(617) 341-7700
Ariane.baczynski@morganlewis.com

*Attorneys for Plaintiff Southern Africa Enterprise Development Fund*